<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| THANG DUONG, *on behalf of himself and all others similarly situated*,<br><br>    *Plaintiff*,<br><br>       v.<br><br>PRESSLER FELT & WARSHAW, LLP,<br><br>    *Defendant*. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 22-5630 (KMW-AMD)<br><br><br>**OPINION** |

APPEARANCES:

Lawrence C. Hersh, Esquire
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070

    *Counsel for Plaintiff*


Mitchell L. Williamson, Esquire
**BARRON & NEWBURGER, P.C.**
458 Elizabeth Ave, Suite 5371
Somerset, NJ 08873

Michael J. Peters, Esquire
**PRESSLER, FELT & WARSHAW, LLP**
7 Entin Road
Parsippany, NJ 07054

    *Counsel for Defendant*

**WILLIAMS, District Judge:**

## I.     INTRODUCTION

This matter comes before the Court on Defendant Pressler Felt & Warshaw, LLP's ("Defendant") Motion for Summary Judgment (Dkt. No. 66) pursuant to Fed. R. Civ. P. 56. Plaintiff Thang Duong ("Plaintiff") opposes the motion. (Dkt. No. 67.) For the reasons set forth below, Defendant's Motion is **GRANTED**.[1]

## II.    FACTUAL BACKGROUND

The undisputed facts this case have been detailed at length in the Court's previous Opinion. (*See* June 10, 2025 Opinion, Dkt. No. 58; *see also* Pl.'s Opp. Br. at 1, Dkt. No. 67.) Accordingly, this Opinion will focus on the details pertinent to this motion.

On September 13, 2024, Plaintiff filed a motion for summary judgment, arguing that the undisputed facts demonstrate Defendant's unconscionable conduct in an underlying state court debt collection action violated the FDCPA as a matter of law. (*See generally* Pl.'s MSJ Br., Dkt. No. 48-4; Pl.'s Statement of Undisputed Material Facts, Dkt. No. 48-5.) Defendant opposed but did not file a cross-motion for summary judgment. The Court denied Plaintiff's motion, finding that Plaintiff failed to demonstrate, based on the undisputed material facts, that Defendant's conduct was unconscionable. (Dkt. No. 58.) In denying Plaintiff's motion, the Court made several legal conclusions concerning contract and statutory interpretation to determine whether Defendant's undisputed conduct violated either the Cardholder Agreement, AAA Rules, or New Jersey Rules of Court so as to be unconscionable under the FDCPA as a matter of law. (*See generally id*.) The Court answered each of these questions in the negative. Plaintiff has not amended his Complaint and discovery is closed. (Def.'s Statement of Undisputed Material Facts

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

("SUMF"), ¶ 4, Dkt. No. 66-2.) Defendant now moves for summary judgment, arguing that the law of the case doctrine requires the Court to enter judgment in favor of Defendant because the Court found that its conduct was not unconscionable in violation of the FDCPA. (*See generally* Def.'s MSJ Br., 66-3.)

## III.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57.

"A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d

884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Quincy Mut. Fire Ins. Co. v. Scripto USA*, 573 F. Supp. 2d 875, 878 (D.N.J. 2008) (quoting *Liberty Lobby*, 477 U.S. at 250).

## IV.    DISCUSSION

### a.  The Law of the Case Doctrine

Defendant argues that it is entitled to summary judgment as a matter of law because the Court's June 10, 2025 Opinion and Order denying Plaintiff's Motion for Summary Judgment established "the law of the case" that Defendant's conduct does not violate the FDCPA. (Def.'s MSJ Br. at 5, Dkt. No. 66-3.) In his three-paragraph opposition, Plaintiff argues that "the facts in this case are undisputed" and that "Plaintiff disagrees that the law of the case entitles Defendant to summary judgment in its favor." (Pl.'s Opp. Br. at 1, Dkt. No. 68.)

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Celgene Corp., Inc. Sec. Litig.*, 747 F. Supp. 3d 748, 761 (D.N.J. 2024) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine serves to "promot[e] the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). Notably, the doctrine is discretionary—it "does not limit a federal court's power; rather, it directs its exercise of discretion." *Pub. Interest Rsch. Grp. Of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997); *see also*

*Centennial Plaza Prop., LLC v. Trane U.S. Inc.*, 771 F. Supp. 3d 481, 487 n.10 (D.N.J. 2025) (citing *In re Celgene Corp., Inc. Sec. Litig.*, 747 F. Supp. 3d 748, 761 (D.N.J. 2024)); *Palmieri v. Intervet Inc.*, Civ. A. No. 19-22024, 2025 WL 1811271, at *4 (D.N.J. June 30, 2025) ("[T]he phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.") (alteration in original) (quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)).

The Third Circuit has held that "[c]ross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist." *Lawrence v. City of Philadelphia, Pa.*, 527 F.3d 299, 310 (3d Cir. 2008) (quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968)). Because the Court must evaluate each parties' motion for summary judgment by viewing the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party, the Court declines to apply the law of the case doctrine here. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

### b.  Defendant's Motion for Summary Judgment

"Summary judgment is appropriate '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Jensen v. Pressler & Pressler*, 791 F.3d 413, 424 (3d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Here, Plaintiff has not set forth a Response to Defendant's Statement of Material Facts or Counterstatement of Undisputed Facts pursuant to L.Civ.R. 56.1(a) suggesting that there remains a factual dispute precluding entry of summary judgment against him. Rather, Plaintiff

acknowledges that "the facts in this case are undisputed." (Pl.'s Opp. Br.) Those facts derive almost entirely from actions taken in the state court action and various correspondences between the parties, which are not in dispute. (*See* Pl.'s Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment, Dkt. No. 48.) Thus, this matter is ripe for summary judgment.

The Court must now determine, based on the undisputed record evidence, whether Defendant's conduct violated the FDCPA. *See, e.g.*, *Thomas v. John A. Youderian Jr., LLC*, 232 F. Supp. 3d 656, 672 (D.N.J. 2017) (noting that whether a communication is misleading under the FDCPA presents a question of law for the court and that disputed facts must be resolved by a jury); *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000), *as amended* (Sept. 7, 2000) ("[W]hether language in a collection letter contradicts or overshadows the validation notice is a question of law."); *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008) ("[W]hether the least sophisticated debtor would be misled by a particular communication is a question of law . . ."). The Court finds that Defendant did not.

Specifically, this case may be resolved by the Court's answer to the following questions:

- Whether the Cardholder Agreement and FAA permitted Plaintiff to unilaterally determine the validity of his request to arbitrate, which are questions of contract and statutory interpretation for the Court. The Court finds that because Plaintiff was not entitled by the contract or statute to unilaterally make that determination, Defendant's filing of the state court enforcement action was not unconscionable as a matter of law; and

- Whether Defendant violated the FDCPA by "allowing" or not preventing the state court from entering default against Plaintiff when he failed to answer or otherwise appear as directed by the state court. The Court, interpreting the Cardholder Agreement and N.J. Ct. *R.* 6:6-2 to determine that the default resulted from operation of the court rules and Plaintiff's own conduct, finds this was not unconscionable conduct by Defendant as a matter of law; and

- Whether it was unconscionable for Defendant to argue to the state court that Plaintiff waived his contractual right to arbitrate when he answered the complaint and waited until after the trial date to request arbitration. The Court finds that Defendant's arguments to the state court had a reasonable basis in law and thus Defendant's advocacy was not unconscionable for purposes of the FDCPA; and

- Whether Defendant's filing of a motion to reinstate and transfer the proceeding to small claims court violated the AAA Rules or Cardholder Agreement, which the Court resolves in the negative by applying its legal interpretation of the AAA rules and Cardholder Agreement to the undisputed facts; and

- Finally, the question of whether Defendant acted unconscionably in violation of the FDCPA by attempting to reopen the AAA arbitration. The Court finds that the AAA rules and Cardholder Agreement permitted Defendant to reopen the AAA arbitration, and thus Defendant did not act unconscionably in doing so.

"Summary judgment is appropriate '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Jensen v. Pressler & Pressler*, 791 F.3d 413, 424 (3d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Here, the Court finds that no reasonable trier of fact could find in favor of Plaintiff because the undisputed facts show that Defendant's advocacy in the state court action and arbitration were supported by the Cardholder Agreement, FAA, and New Jersey Rules of Court. Thus, Defendant's conduct was not unconscionable pursuant to the FDCPA.

Accordingly, the Court finds that Defendant is entitled to summary judgment as a matter of law.

## V.    CONCLUSION

For all the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 66) is **GRANTED**.

Dated: February 28, 2025

*Karen M. Williams*
_____
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

7